Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERGLOBO NORTH AMERICA, INC.,

                Plaintiff,

-against-

MICKEY GROUP INC. a/k/a MICKEY FOREST,

                Defendant.

**COMPLAINT**

Plaintiff, Interglobo North America, Inc. ("Interglobo" or "Plaintiff"), by and through its attorneys, Moses & Singer LLP, as and for its Complaint against Defendant, Mickey Group Inc. a/k/a Mickey Forest ("Defendant"), alleges as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure and also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim in suit.

2. Venue properly lies in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Defendant resides and has a principal place of business in this District, and conducts business in this District.

## PARTIES

3. At all material times to this action, Interglobo, a corporation organized and existing under the laws of the State of New Jersey with a place of business at 2 Colony Road, Jersey City, New Jersey 07305, was and still is doing business as a freight forwarder of cargo for hire.

4. Upon information and belief, at all material times to this action, Defendant, a corporation or other business entity organized and existing under the laws of Delaware, having a principal place of business at 110 Bank Street, Apt. 1K, New York, New York 10014, was and still is doing business as exporter of merchandise.

## FACTS

5. Defendant requested and obtained Interglobo's freight-forwarding and transportation services. In particular, Interglobo, for hire, arranged for forwarding, transportation or carriage of Defendant's cargo traveling on board ocean vessels from the United States to Vietnam and China, inside ocean containers, including the ocean containers listed on Schedule A annexed to and made part of this Complaint.

6. As part of its services, Interglobo booked space on ocean carrier's vessels, negotiated ocean freight, procured and/or negotiated vessel owner's ocean bills of lading, procured and/or negotiated freight insurance, prepared and/or processed security manifest declarations and other documentation necessary for the international transportation of Defendant's cargo. Interglobo paid for freight, freight insurance and other charges, on behalf of Defendant, to third parties including ocean carriers.

7. Defendant received and accepted the Interglobo's services without complaint.

8. Interglobo invoiced Defendant for its services and out of pocket expenses, to which Defendant did not object.

9. Defendant promised to pay Interglobo's invoices but failed to do so, notwithstanding Interglobo's numerous demands.

10. Defendant owes Interglobo $45,851.40 exclusive of interests.

11. Plaintiff brings this action on its own behalf and as agent, assignee and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said action, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

12. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 11 of this Complaint as if herein set forth at length.

13. Interglobo has performed the services set forth in the Facts section of this Complaint. Defendant received and accepted Interglobo's services.

14. Interglobo invoiced Defendant for its services and out-of-pocket expenses. Defendant has failed to pay Interglobo's invoices and, in so doing, has breached the contract with Interglobo.

15. By reason of the foregoing, Interglobo has suffered damages in the amount of $45,851.40 exclusive of interests.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

16. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15 of this Complaint as if herein set forth at length.

3

17. Defendant has not objected to, has accepted, and has promised to pay Interglobo's invoices.

18. Defendant has failed to pay Interglobo's invoices. By reason of the foregoing, Interglobo has suffered and continues to suffer damages and is entitled to judgment in the amount of $45,851.40 plus interests.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Interglobo North America, Inc., respectfully demands judgment in its favor and against Defendant, Mickey Group Inc. a/k/a Mickey Forest, awarding Plaintiff damages in the amount of $45,851.40 plus interests, cost of this action, attorney's fees, and such other and further relief that this Court may deem just and proper.

Dated: October 24, 2022
       New York, New York

                              MOSES & SINGER LLP

By: _____
       Francesco Di Pietro
       405 Lexington Avenue
       New York, NY 10174-1299
       (212) 554-7800
       *Attorneys for Plaintiff*

## SCHEDULE A

| | |
|---|---|
| APHU6229691 | FSCU9976040 |
| APHU6737100 | GESU6337375 |
| APHU6772327 | GESU6463007 |
| APHU7032855 | SEGU6055191 |
| CMAU6310369 | TCLU4591466 |
| CMAU7066724 | TCLU8620156 |
| CMAU7364462 | TCNU5399645 |
| CMAU7804561 | TGHU6309904 |
| GAOU6121588 | TLLU4518186 |
| TCKU6340328 | TRLU7220616 |
| TCLU8370756 | |
| TCNU1023726 | |
| TCNU6380644 | |
| TEMU6474640 | |
| TLLU5787976 | |
| CMAU6533188 | |
| SEKU4345025 | |
| APHU6748228 | |
| APHU6878941 | |
| CMAU5866836 | |
| CMAU6011368 | |
| CMAU6351840 | |
| CMAU7561306 | |
| CXDU2384631 | |
| SEGU4122304 | |
| TCKU9759107 | |
| TCNU7983241 | |
| TEMU8386981 | |
| TLLU4448129 | |
| TLLU5390232 | |
| CAIU7996923 | |
| CLHU8787867 | |
| KOCU4375260 | |
| KOCU4715056 | |
| CAIU9765836 | |
| CMAU5389564 | |
| CMAU5685170 | |
| CMAU6015698 | |
| CMAU7214009 | |
| CRSU9347764 | |
| CRXU9979156 | |
| DFSU6699579 | |
| FCIU8299449 | |
| FSCU6666204 | |