```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------------------

**INTERGLOBO NORTH AMERICA, INC.,**

        Plaintiff,　　　　　　No. 22-cv-9111 (JGK)

  - against -　　　　　　　　　**MEMORANDUM OPINION AND ORDER**

**MICKEY GROUP INC.,**

        Defendant.

--------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The defendant, Mickey Group Inc., has moved to set aside a certificate of default entered by the Clerk of Court on November 30, 2022 (ECF. No. 10). The plaintiff obtained the certificate of default after allegedly serving the summons and complaint on the defendant through the New York Secretary of State (ECF Nos. 7, 9). The defendant claims not to have received any notification of the pendency of this case until December 27, 2022, see Motion to Set Aside Default, ECF No. 30, ¶ 5, and it thereafter promptly filed an answer on January 3, 2023 (ECF. No. 27). The defendant claims that it has meritorious defenses to this action, in which the plaintiff seeks to collect money allegedly due pursuant to certain invoices. The defendant claims that it has paid for the plaintiff's services and has declined to pay only for those services that it did not receive.

    It is plain that the motion to vacate the entry of default should be granted. The text of Federal Rule of Civil Procedure 55(c) allows an entry of default to be set aside for "good cause."

See Fed. R. Civ. P. 55(c). Courts evaluate whether good cause exists by considering "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994).

Applying the standard for vacating the entry of a default, the certificate of default here should be set aside because the "good cause" requirement of Rule 55(c) is satisfied. The Second Circuit Court of Appeals strongly encourages the resolution of cases on the merits, rather than on default. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). In this case, the defendant acted promptly to file an answer after it became aware of the lawsuit. The plaintiff has not shown that it has been prejudiced by the brief period of time that elapsed before the defendant filed an answer, and the defendant alleges that it has meritorious defenses to the action and is prepared to defend this case.

Thus, the motion to set aside the entry of default is **granted**. The certificate of default (ECF No. 10) is set aside. The Clerk is respectfully directed to close ECF No. 30. The parties are directed to submit a Rule 26(f) report by **February 20, 2023**.

**SO ORDERED.**

Dated:    New York, New York
            January 31, 2023

                                                  **John G. Koeltl**
                                      **United States District Judge**